Michael A. Long, Esq. (SBN: 266555)
[mlong@aexius.com]
LONG & ASSOCIATES
1920 Hillhurst Avenue #1139
Los Angeles, CA 90027
Tel.: (310) 625-3395
Fax: (213) 915-3133
*Attorney for Defendants,*
*SCOTT DAY and DIGIMEDIA.COM, L.P.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORIE SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT DAY, DIGIMEDIA.COM, L.P.,<br><br>Defendants | CASE NO.: 2:23-cv-06433<br><br>**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. CODE § 1441(a) BY DEFENDANTS SCOTT DAY AND DIGIMEDIA.COM, L.P.**<br><br>*[Removed from Los Angeles Cnty. Sup. Ct., Case No. 23STCV16148 filed July 11, 2023]*<br><br>Petition for Removal: 8/7/2023 |

TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:

NOTICE IS GIVEN that Defendants SCOTT DAY and DIGIMEDIA.COM, L.P. ("Defendants") by and through their counsel, submit this Notice and Petition for Removal under 28 U.S.C § 1441(a) to remove this action from the Los Angeles Superior Court, County of Los Angeles, to the United States District Court for the Central District of California. Removal is based on the following:

## THE STATE COURT ACTION

1.     On July 11, 2023, Plaintiff Korie Schmidt ("Plaintiff") filed a complaint against Defendants SCOTT DAY and DIGIMEDIA.COM, L.P. in Los Angeles County Superior Court, Case No. 23STCV16148 (the "State Action").

2.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint in the above-captioned matter filed on July 11, 2023 in the Los Angeles Superior Court for the State of California, County of Los Angeles, LACSC Case No. 23STCV16148; and composite **Exhibit B** is a true and correct copy of the all remaining filings of record in the State Action — which constitute the alleged process, pleadings, and orders of record known by Defendants to exist in this action.

3.      Plaintiff's complaint purports to allege a cause of action against Defendants "FOR TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125 subs. (a) & (d)" (Exhibit A, p.2, line 24) and likewise claims damages arising under 15 U.S.C. § 1117.

4.      Plaintiff's Complaint named two defendants, Scott Day and Digimedia.com, L.P., both of whom consent to removal by and through their counsel of record hereunder. Therefore, all named Defendants have consented to removal.

### FEDERAL QUESTION JURISDICTION [28 USC §1331]

5.      This case arises under federal law, namely the Lanham Act, 15 U.S.C. § 1051, *et seq.* Federal question jurisdiction under 28 U.S.C. § 1331 is met; and removal is proper.

### VENUE

6.      Removal of a case to federal court is governed in part by 28 U.S.C § 1441, which generally allows removal of "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction." 28 U.S.C § 1441(a).

7.      Pursuant to 28 U.S.C. § 1332, the parties are diverse and Plaintiff lists a mailing address in Redondo Beach, California, which is covered by the Central District of California.

8.      Proof of Service of the Notice to the Superior Court Clerk of Removal to Federal Court and the Notice to Plaintiff of Removal to Federal Court will be filed with this court immediately upon completion.

9.      This action is now pending in the Los Angeles Superior Court for the State of California, County of Los Angeles, and thus may be properly removed to the United States District Court for the Central district of California, pursuant to 28 U.S.C § 1441(a).

10. Promptly after filing of this Notice of Removal, Defendant will file in the Los Angeles Superior Court for the State of California, County of Los Angeles, its Notice of Removal of Action from State Court to Federal Court, with a copy of this Notice of Removal attached hereto as **Exhibit C**. Further, Defendant has sent a copy of this Notice of Removal to Plaintiff and will promptly send to Plaintiff.

11. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court for the Central District of California, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Los Angeles, and this is an action arising in the County of Los Angeles, State of California.

12. This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles and concurrently served upon Plaintiff. In filing this Notice, Defendants do not waive any available procedural or substantive defenses or responsive pleadings.

Dated: August 7, 2023

Respectfully Submitted,
LONG & ASSOCIATES

*/s/ Michael A. Long*
   Michael A. Long, Esq.
*Counsel for Defendants*
*SCOTT DAY and*
*DIGIMEDIA.COM, L.P.*

## VERIFICATION

I am Defendants' attorney of record in the above-captioned matter. I declare the facts in this document entitled NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. CODE § 1441(a) BY DEFENDANTS DIGIMEDIA.COM, L.P. AND SCOTT DAY are within my personal knowledge; are true and correct to the best of my

knowledge; or otherwise am informed and believe such facts to be true. If called to testify I would and could testify competently thereto.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed on **August 7, 2023** in Los Angeles, California.

*/s/ Michael A. Long*_____
Michael A. Long, Declarant

**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION**
**PURSUANT TO 28 U.S.C. § 1441(a) BY DEFENDANTS SCOTT DAY AND DIGIMEDIA.COM, L.P.**

# Exhibit A

1    Korie Schmidt in pro per
     1732 Aviation Blvd. #503
2    Redondo Beach, Ca 90278
     (310) 600 - 2278
3    korieschmidt1@gmail.com

**FILED**
Superior Court of California
County of Los Angeles

**JUL 1 1 2023**

David W. Slayton, Executive Officer/Clerk of Court

By: C. Grijalva, Deputy

4              THE SUPERIOR COURT OF CALIFORNIA

5    // //            COUNTY OF LOS ANGELES

6

7    KORIE SCHMIDT,              Case No.:

8            Plaintiff,        **23STCV16148**

9    vs.

10    SCOTT DAY,

11    DIGIMEDIA.COM, L.P.,,        COMPLAINT FOR INKUNCTION AND DAMAGES
                            AND MANDAMUS OF WRIT
12            Defendants

13

14                      **RELEVANT LAW**

15    DEFINITIONS

16      a.   A "person" includes a firm (¶ 1(a) and (b), *Applicable Laws*).

17      b.   A service mark is any name used by a person to identify and distinguish from other businesses (¶1(d),

18         *Applicable Laws*).

19    Plaintiff presents the following authorizations:

20    CAUSE OF ACTION

21      c.   Authorization for cause of action for damages (15 U.S.C. § 1125 subs. (a)(1); ¶ 2(a), *Applicable Laws*) for

22         using a mark that causes confusion as to the affiliation of such firm with another person, as if that person

23         approved the services being offered

24    LIABILITY

25      d.   Authorization of liability if person has bad faith intent and registers a domain name that is confusingly

26         similar to a mark that is distinctive (15 U.S.C. § 1125 subs. (d)(1)(A); ¶ 2 (i) - (l), *Applicable Laws*)

27      e.   Bad faith intent takes into account 15 U.S.C. § 1125 subs. (d)(1)(B)(i) ( ¶ 2 (n) - (w), *Applicable Laws*),

28         which includes Intellectual Property rights of Plaintiff, such as the legal name of Plaintiff, and the intent of
   COMPLAINT FOR INKUNCTION AND DAMAGES AND MANDAMUS OF WRIT - 1

1    Defendant to divert consumers for commercial gain by misleading Plaintiff's customers to Defendant's site,

2    using Plaintiff's mark.

3 REMEDIES

4    a.   Authorization to transfer domain name (15 U.S.C. § 1125 subs. (d)(1)(C); ¶ 2(x), *Applicable Laws*)

5    b.   Violation of 15 U.S.C. § 1125 subs. (a) or (d) entitles Plaintiff to (defendant's profits, damages, and costs)

6    (15 U.S.C. § 1117 subs. (a); ¶ 3(a), *Applicable Laws*); also, Court can assess whatever it feels is just.

7    c.   Authorization of treble damages for counterfeit marks (15 U.S.C. § 1117 subs. (b); ¶ 3(b), *Applicable*

8    *Laws*);

9    d.   Authorization of statutory damages between ($1k – 100k) per domain infringement for violating 15 U.S.C.

10    § 1125 subs. (d)(1) (*15 U.S.C. § 1117 subs. (d)*; ¶ 3(c), *Applicable Laws*);

11 <center>**PARTY INTRODUCTIONS AND JURISDICTION**</center>

12 i.   At all relevant times, PLAINTIFF Korie Schmidt was an individual residing within the County of Los Angeles,

13    State of California.

14 ii.   At all relevant times, DEFENDANT Digimedia.com, L.P. was a business with its principal place of business

15    located at 1057 N. Bryant, STE 150B in the city of Edmond, in the County of Oklahoma, State of Oklahoma.

16 iii.   At all relevant times, DEFENDANT Scott Day was an individual connected with Digimedia.com

17 iv.   This falls within the jurisdiction of the court because the website is being pumped from the server at *TuCows*,

18    through the internet, to reach Los Angeles, Ca.

19 <center>**PRELIMINARY ALLEGATIONS**</center>

20 1.   KPlaintiff has been operating the business *Bonzai Auto Detailing* since its inception in July 2008.

21 2.   Before that, he operated said business without a DBA since 2005, under the name "Kory's Car Detailing".

22 3.   The website has been live, and there are records of the website going back to 2008.

23 <center>**FIRST CAUSE OF ACTION AGAINST SCOTT DAY AND DIGIMEDIA**</center>

24 <center>**FOR TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125 subs. (a) & (d)**</center>

25 4.   As of June 6th, 2023 at 7:31pm, Plaintiff found Defendants' website obtaining advertising revenue, using

26    Plaintiff's domain name ("www.bonzai.com"), in violation of service mark rights held by Plaintiff.

27

28

COMPLAINT FOR INKUNCTION AND DAMAGES AND MANDAMUS OF WRIT - 2

5. The only contact info listed in the WHOIS registry for "bonzai.com" points to *TuCows* Abuse at domainabuse@tucows.com and (416) 535 -0123, as well as the domain holder Defendant Scott Day of Digimedia.com at admin@digimedia.com and (940) 691 - 1800.

6. At 9:45pm, Plaintiff demands Defendants to immediately cease obtaining advertising revenue using Plaintiff's domain name, and return domain name ownership by July 7th, 2023.

7. Plaintiff is trying to prevent abandonment, as described in 15 U.S.C. § 1127 (¶ *(1)(g)(2), Applicable Laws*).

8. About a week later and still no response, Plaintiff begins calling Defendants to confirm they received the communication:

- On **6/13/23** at **3:20pm**, Plaintiff calls **(416) 535-0123** (Tucows listed #) and receives an automated response system. There's no link to confirm or forward documents to domain holders. Plaintiff hits button 5 to speak with someone about a domain name registered with this company. It then says that Plaintiff must do it online through their online portal at Tucows.com/report abuse. Upon reaching the online portal, it says Plaintiff can contact the domain holder thru their privacy connect, or he can file a report with them. (It should be noted that it clearly states that domain holders are not obligated to respond.) Plaintiff goes ahead and tries to contact the domain holder. **The form doesn't go through**, and says for Plaintiff to find the domain holder's contact info through the whois record. Plaintiff goes to the whois record. It appears the registrant is listed(, maybe that's why it didn't allow the private contact).

- After further review, Plaintiff concedes that "bonzai.com" is a bullshit website. It doesn't do anything except generate ad revenue—if that. It's literally **cybersquatting** on Plaintiff's domain name. To further illustrate how irrelevant "bonzai.com" is to Defendant Digimedia, it's not even listed on Digimedia's site portfolio. It's apparent that the company is not proud of it, they're just cybersquatting and pulling people away from Plaintiff's business.

- On **6/14/23** at **11:00:12am**, Plaintiff called **(940) 691 - 1800** (Digimedia's listed #) looking for Digimedia or Scott Day. **No answer**. Plaintiff infers that it sounds like a personal business, like that might have been Scott Day on the recording. The recorded message **points callers to contact** the company at admin@digimedia.com. Plaintiff **leaves a message** to call him back and leaves his phone number. **No callback**

- Plaintiff calls **(940) 691 - 1800** again at **12:00:12pm**. No answer

COMPLAINT FOR INKUNCTION AND DAMAGES AND MANDAMUS OF WRIT - 3

- On **6/15/23** at **12:00pm (2:00pm** CST), Plaintiff calls **(940) 691 - 1800**. No answer. Plaintiff leaves a message to call him back, and leaves his number again. 1:41am and still **no callback**.

- On 6/16/23 at 11:00am, Plaintiff calls (940) 691 – 1800. His phone waited until 11:01am on the dot to go through and start ringing. **No answer**.

- On 6/18/23 at 12:04pm, Plaintiff calls (940) 691 – 1800. **No answer**.

- On 6/19/23 at 10:00am, Plaintiff calls (940) 691 – 1800. **No answer**.

- On **6/20/23** at 10:00:12am, Plaintiff calls (940) 691 – 1800. Call never rings and gets disconnected. Plaintiff tries again at 10:02:12am. Same thing, phone never rings. Plaintiff tries again at 10:08:08am. It goes through. **No answer**.

  **All Plaintiff has been trying to do** is confirm receipt of the email, and the address on file (1057 N. Bryant, STE 150B Edmond, OK 73034) for service.

- **It's clear** that Defendants are avoiding and not returning Plaintiff's calls or email, especially when the voicemail greeting clearly says that they can be reached at <u>admin@digimedia.com</u>.

9. As of **July 9th, 2023** at 1:33am, there has been no response from <u>admin@digimedia.com</u>, and Plaintiff finds the website under Plaintiff's domain name is still live, still obtaining advertising revenue under Plaintiff's business name, all in breach of service mark rights held by Plaintiff.

10. Plaintiff intends on branching the brand off into different categories of things, but with the same quality that comes from his detailing. By having this weak, click-thru, ad-money-generating-off-bots-trolling-your-website, that has nothing to do with Bonzai, on Plaintiff's name, is slowly but surely whittling away Plaintiff's mark of quality (Line 23, pg. 1, *Applicable Laws*).

11. This website is misrepresenting Plaintiff's brand, and is essentially lying—Plaintiff's brand is not some shitty clickbait website (Line 11, pg. 2, *Applicable Laws*).

COMPLAINT FOR INKUNCTION AND DAMAGES AND MANDAMUS OF WRIT - 4

Therefore, Plaintiff now prays judgment in this court of the following:

a)   injunction to stop

    1.   using Plaintiff's domain name,

    2.   obtaining advertising revenue under Plaintiff's business name, and

b)   authorization of

    a.   untaxable sanctions in the amount of $1200/day (from the day it is determined Plaintiff's mark is to be returned, to the expiration date of Plaintiff's original demand), for failure to comply, or

    b.   statutory damages in the amount of $96,000, or

    c.   restitution to Plaintiff of: Defendant's profits, and Plaintiff's damages and costs, or

    d.   a combination of the three, whichever is greater.

c)   a peremptory writ of mandamus to force Defendant to return domain name to Plaintiff; and

d)   consequential damages to Plaintiff occurring from the aforementioned, as well as this litigation, including but not limited to court costs, filing, serving and attorney's fees, and

f)   such other and further relief as the court may deem just and proper.


Dated this 11th of July, 2023.


_____

Korie Schmidt

COMPLAINT FOR INKUNCTION AND DAMAGES AND MANDAMUS OF WRIT - 5

# Exhibit B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KORIE SCHMIDT IN PRO PER<br>1732 AVIATION BLVD. #503<br>REDONDO BEACH, CA 90278<br>TELEPHONE NO. (310) 600-2274   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUL 12 2023**<br><br>David W. Slayton, Executive Officer/Clerk of Court<br>By: C. Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:   111 N. HILL ST.
MAILING ADDRESS:   LOS ANGELES, CA 90278
CITY AND ZIP CODE:
BRANCH NAME:   STANLEY MOSK

| PLAINTIFF/PETITIONER:   KORIE SCHMIDT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   SCOTT DAY   DIGIMEDIA.com, L.P. | 23STCV16148 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS

3. a. Party served *(specify name of party as shown on documents served)*:
      Scott DAY DIGIMEDIA.com LP.
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:   1057 N. BRYANT, SUITE #150 B
                                          EDMOND, OK 73034

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*:                          (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:                    at *(time)*:            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
           *(date)*:                   from *(city)*:                   or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| PLAINTIFF/PETITIONER: KORIE Schmidt | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Scott DAY DIGIMEDIA. Com LP. | 23STCV16153  48 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):*

    PRIORITY MAIL WITH SIGNATURE CONFIRMATION (CCP 415.40)

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☒ as the person sued under the fictitious name of *(specify):* DIGIMEDIA.COM LP

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: DANIELA Schmidt

  b. Address: 1408 N. ANANEA MESA AZ 85207

  c. Telephone number: 480-519-5610

  d. **The fee** for service was: $

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☐ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 7-11-2023

DANIELA Schmidt       ▶ (SIGNATURE)

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

---

**PROOF OF SERVICE OF SUMMONS**

For your protection and privacy, please press the Clear

Korie Schmidt in pro per
1732 Aviation Blvd. #503
Redondo Beach, Ca 90278
(310) 954 - 6876
TheSEODoctors@gmail.com

**FILED**
Superior Court of California
County of Los Angeles

**JUL 1 1 2023**

David W. Slayton, Executive Officer/Clerk of Court
By: C. Grijalva, Deputy

THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

// //

| | |
|---|---|
| KORIE SCHMIDT,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCOTT DAY<br><br>DIGIMEDIA.COM, L.P.,,<br><br>                    Defendants | Case No.:<br><br>**23STCV16148**<br><br><br>PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS |

## RELEVANT LAW

According to Bently, in the early 19th century, the courts of Chancery allowed a cause of action for what was considered "passing off", which protected a trader who had developed a reputation or some sort of goodwill built around a specific mark in trade. These marks were usually a sign of quality or origin, but could also be used to signify other brand values. The idea being that another trader would be "passing off" their goods as another's (in terms of the aforementioned—quality, origin, other brand values, etc.), which leads to a "misrepresentation that causes deceit" (*pg. 811*).[1]

According to the well-known philosopher Schecter, marks are to be considered property or assets of a trader (*Bently, pg. 812*).

As time went on, the problem in the courts was no longer solely about the confusion of the customer. It lead to the "gradual whittling away...of the identity...of the mark...by...competing goods" (*Bently, pg. 812*). In other words, when another trader uses a mark that's not theirs on their goods, it dissociates the mark with a particular product or brand value. It eats away at what the company is working so hard to establish as their competitive advantage. And that gets chipped away every time another trader uses their mark.

---

[1] Bently, L. (2014) *Intellectual Property Law*. Oxford University Press.

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 1

For some Supreme Court Justices, what it breaks down to is reward for investment. In *Qualitex v. Jacobson Products*, Supreme Court Justice Breyer reasoned that the goal in Intellectual Property law is to ensure traders reap the financial reputation-related rewards of the work they put into creating a brand. It "assures a…customer that…[an item] with this mark is made by the same producer as other similarly marked items" (*Bently, pg. 815*) [2]

Another influential writer Ralph Brown correlated trademarks with the function of advertising in general. That the basis for consideration is "do we value advertising?" He wrote that ""Advertising depends on the remote manipulation of symbols…trade marks, trade names, brand names, or brand symbols" (*Bently, pg 817*) [3]

Then there's the ethical argument for fairness or justice. "A person shall not reap where they have not sown". (*Bently, pg. 818*) This is also known as "free-riding". This reap-sow principle is an important justification for protection in Intellectual Property law. This ethical argument also encompasses the idea of lying. Using another's mark is misrepresenting the goods to customers, and that misrepresentation is the equivalent of lying (deception). Essentially, another party other than the company is speaking for the company, which leads to a misrepresentation.

**Lanham (Trademark) Act of 1946**

1. 15 U.S.C. § 1127 defines the following terms:

   a. "**person**" and any other word or term used to designate someone or something **entitled to** a benefit or privilege under the **provisions of this chapter** includes a juristic person as well as a natural person.

   b. "**juristic person**" includes **a firm**, corporation, union, association, or other organization capable of suing and being sued in a court of law.

   c. "trademark" = any word, name, symbol, device, or combo of these

      (1) used by a person, or

      (2) the intent to use in commerce and applies to register

      to identify and distinguish his/her goods from others to indicate the source of the goods

   d. "**service mark**" = any word, **name**, symbol, device, or combo of these

      (1) **used by a person**, or

      (2) the intent to use in commerce and applies to register

---

[2] *Qualitex v. Jacobson Products* 115 S. Ct. 1300, 1303 (1995) (Justice Breyer).

[3] R. Brown, *Advertising and the Public Interest: The Legal Protection of Trade Symbols* (1948) 57 Yale LJ 1165, 1185, 1166.

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 2

1    **to identify and distinguish** services of one person from others, and to indicate source of services

2    e.   "**mark**" = any trademark, **service mark**, collective mark, certification mark

3    f.   "used in commerce" = use in ordinary course of trade, not just to reserve mark

4         (1) on goods

5         (2) on services when used or displayed in sale or advertising of services for sale

6    g.   "abandoned" =

7         (1) use is discontinued with **intent** not to resume use (intent not to resume use may be inferred from

8         circumstances) ("use" = use in ordinary course of trade, not merely to reserve right in mark.)

9         (2) when owner causes **mark** to **become generic** name for goods/services or otherwise lose its significance

10        as a mark

11   2.   15 U.S.C. 1125 subs.

12   FALSE MARKS

13   a.   (a)(1) (**authorization**: civil action for damages) any person, who uses in commerce [a mark], which

14   b.   (a)(1)(A) is likely to cause: **confusion**, mistake, to deceive (as to:

15        **affiliation**, connection, association **of such person with another person**; or

16        origin, sponsorship, or **approval of** his/her goods/**services**/commercial activities **by another person**

17   c.   (a)(1)(B) in commercial advertising or promotion,

18        misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's

19        goods, services, or commercial activities,

20   FAIR USE

21   d.   (c)(3) fair use, no cause of action

22   e.   (c)(3)(A)(i) advertising or promotion **comparing** goods/services

23   f.   (c)(3)(A)(ii) **identif**ying and **parod**ying, **criticizing**, or **commenting upon** famous mark owner, or their

24        goods/services

25   g.   (c)(3)(B) all forms of **news reporting** and commentary

26   h.   (c)(3)(C) any **noncommercial** use

27   CYBER PIRACY

28   i.   (d)(1)(A) **authorization**: liability if a person

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 3

1    j.   (d)(1)(A)(i) has **bad faith intent** to profit from mark

2    k.   (d)(1)(A)(ii) **registers**/traffics in/uses domain name that

3    l.   (d)(1)(A)(ii)(I) is identical or confusingly **similar** to a **mark** that is **distinctive** at time of domain

4        registration

5    m.  (d)(1)(D) **liability** in (d)(1)(A) only if person is **domain registrant** or their authorized licensee

6    n.   (d)(1)(B)(i) "bad faith intent" take into account these factors:

7    o.   (d)(1)(B)(i)(I) trademark or other **IP rights** of person in the domain name

8    p.   (d)(1)(B)(i)(II) **legal name** of person or other commonly used identifier

9    q.   (d)(1)(B)(i)(III) prior use of the domain name in connection with offering goods/services

10   r.   (d)(1)(B)(i)(IV) noncommercial or fair use of mark in site accessible under domain name

11   s.   (d)(1)(B)(i)(V) **intent to divert consumers** from mark owner's online location

12       to site under domain name

13       could harm goodwill represented by mark,

14       for either **commercial gain** or

15       intent to tarnish or disparage the mark,

16       by creating **likelihood of confusion** as to the source, sponsorship, affiliation, or endorsement of the site

17   t.   (d)(1)(B)(i)(VI) **offer to** transfer/**sell**/otherwise assign **domain to mark owner**

18       or anyone else

19       for financial gain

20   u.   (d)(1)(B)(i)(VII) misleading false contact info on domain registration,

21       intentional failure to maintain accurate contact info, or

22       prior conduct indicating this

23   v.   (d)(1)(B)(i)(VIII) registration/acquisition of multiple domain names which the person knows are identical

24       or confusingly similar to distinctive marks

25   w.  (d)(1)(B)(i)(IX) extent mark incorporated in domain is or is not **distinctive** and famous (subs. (c))

26   x.   (d)(1)(C) **authorization**: order forfeiture or cancellation or transfer of domain name

27   y.   (d)(1)(E) "traffics in" = sales, purchases

28   z.   (d)(2)(A) **authorization**: civil action in judicial district of registrar/registry/authority if:

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 4

1  aa.  (d)(2)(A)(i) domain violates registered mark, or **one protected by subs. (a)** or (c), and

2  bb.  (d)(2)(A)(ii) the court finds:

3  cc.  (d)(2)(A)(ii)(I) not able to obtain jurisdiction

4  dd.  (d)(2)(A)(ii)(II) not able to find person, due diligence =

5  ee.  (d)(2)(A)(ii)(II)(aa) sending a notice of the alleged violation and intent to proceed under this paragraph

6      to the registrant of the domain at the

7      postal and

8      e-mail address provided by the registrant to the registrar; and

9  ff.  (d)(2)(A)(ii)(II)(bb) publishing notice of the action as the court may direct promptly after filing the action.

10  gg.  (d)(2)(C) jurisdiction in which

11  hh.  (d)(2)(C)(i) registrar, registry, other authority that registers/assigns domains is located; or

12  ii.  (d)(2)(C)(ii) documents sufficient to establish control and authority regarding the disposition of the

13      registration and use of the domain name are deposited with the court.

14  jj.  (d)(4) **jurisdiction** established in (d)(2) shall be **in addition to any other** jurisdiction **that otherwise exists**

15  kk.  (d)(2)(D)(i) remedies limited to order for forfeiture or cancellation or transfer of domain to owner of mark.

16      After receiving filed, stamped complaint, Domain registrar shall

17  ll.  (d)(2)(D)(i)(I) deposit with court documents that establish court's control and authority regarding

18      registration and use of domain; and

19  mm.  (d)(2)(D)(i)(II) not transfer/suspend/modify domain, except upon court order

20  nn.  (d)(2)(D)(ii) registrar/registry/authority not liable for injunctive or monetary relief except in bad faith or

21      reckless disregard (includes willful failure to comply with court order)

22  oo.  (d)(3) civil action in (d)(1) and action in (2) and **any remedy** available under either, shall be **in addition to**

23      **any other** action or remedy **applicable**

24  3.  15 U.S.C. § 1117 subs.

25  REMEDIES

26  a.  (a) violation of registered trademark, 15 U.S.C. § 1125 **subs. (a)** or **(d)**, or willful violation of 15 U.S.C. §

27      1125 subs. (c): Plaintiff entitled to

28      (1) **defendant's profits**

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 5

1    (2) **damages**

2    (3) costs of action

3    court shall assess these things

4    in assessing profits, only required to prove defendant's sales

5    defendant must prove costs/deductions

6    damages may be in any amount above actual damages, not to exceed 3x

7    **court can assess whatever it feels is just**, according to circumstances

8    may award attorney fees to prevailing party

9    b.    (b) **authorization**: treble damages for counterfeit marks

10   c.    (d) violation 1125(d)(1), plaintiff may elect to recover **statutory damages** (instead of actual damages and

11         profits) not less that 1000, not more than 100k per domain, as court considers just.

12   d.    (e) violation is willful if violator knowingly provided materially false contact information to domain

13         registrar. nothing in this subsection limits what willful violation means

19         Dated this 11th of July, 2023.

26                                                    _____
                                                      Korie Schmidt

PLAINTIFF'S STATEMENT FIRST OF APPLICABLE LAWS - 6

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/11/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Webb _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV16148 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Malcolm  Mackey | 55 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on <u>07/11/2023</u>
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By <u>M. Webb</u>, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
<div align="center">(INSERT DATE)                                                    (INSERT DATE)</div>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                               (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)
Date:

_____            ➤  _____
      (TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Print        Save        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                                    JUDICIAL OFFICER

Print    Save                    Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii)    Bonds/Undertaking documents;

    iii)    Trial and Evidentiary Hearing Exhibits

    iv)    Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v)    Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1 | 11) SIGNATURES ON ELECTRONIC FILING

2 | For purposes of this General Order, all electronic filings must be in compliance with California

3 | Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4 | Division of the Los Angeles County Superior Court.

5 |

6 | This First Amended General Order supersedes any previous order related to electronic filing,

7 | and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8 | Supervising Judge and/or Presiding Judge.

9 |

10 | DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

7



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Los Angeles

JUL 11 2023

David W. Slayton, Executive Officer/Clerk of Court

By: C. Grijalva, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCOTT DAY
DIGIMEDIA.COM, L.P.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KORIE SCHMIDT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

STANLEY MOSK
111 N. HILL ST.
LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):* 23STCV16148

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KORIE SCHMIDT
1732 AVIATION BLVD #503
REDONDO BEACH, CA 90278
310 600 2278

DATE: JUL 11 2023
*(Fecha)*

David W. Slayton
Clerk, by
*(Secretario)* CRISTINA GRIJALVA, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* DIGIMEDIA.COM, L.P.
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| *(handwritten)* KORIE SCHMIDT IN PRO PER<br>1732 AVIATION BLVD #503 REDONDO BEACH, CA 90278<br>TELEPHONE NO.: 310 600 2278   FAX NO. *(Optional):*<br>E-MAIL ADDRESS: KORIESCHMIDT1@GMAIL.COM<br>ATTORNEY FOR *(Name):* | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 1 1 2023<br><br>David W. Slayton, Executive Officer/Clerk of Court<br>By: C. Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  *(handwritten)* LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK

CASE NAME: KORIE SCHMIDT V. SCOTT DAY + DIGIMEDIA.COM, L.P.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 23STCV16148 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☒ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/11/23

*(handwritten)* KORIE SCHMIDT
(TYPE OR PRINT NAME)    ▶    *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]    [ Save this form ]    [ Clear this form ]

| SHORT TITLE | CASE NUMBER |
|---|---|
| | 23STCV16148 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☒ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, ③ |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1732 AVIATION BLVD. #503 |
|---|---|
| CITY: REDONDO BEACH | STATE: CA | ZIP CODE: 90278 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _CENTRAL JUDICIAL_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 7/11/23

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**FW-003** | ## Order on Court Fee Waiver (Superior Court)

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

07/11/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Webb _____ Deputy

**(1)** **Person who asked the court to waive court fees:**

Name: Korie Schmidt

Street or mailing address: 1732 Aviation Blvd #503

City: Redondo Beach      State: CA      Zip: 90278

**(2)** **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

_____
_____
_____
_____
_____
_____

**(3)** A request to waive court fees was filed on *(date):* 07/11/2023

☐ The court made a previous fee waiver order in this case on *(date):*

_____

*Read this form carefully. All checked boxes ☑ are court orders.*

Fill in court name and street address:

**Superior Court of California, County of Los Angeles**

Stanley Mosk Courthouse
111 North Hill Street
Los Angeles CA 90012

Fill in case number and name:

**Case Number:**
23STCV16148

**Case Name:**
KORIE SCHMIDT vs SCOTT DAY, et al.

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:      ☑ *Request to Waive Court Fees*      ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 3

Your name: Korie Schmidt

| Case Number: |
| 23STCV16148 |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
    - ☐ Below   ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below   ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
- ☐ Below   ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
- ☐ Below   ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

Your name: Korie Schmidt

**Case Number:**
23STCV16148

Name and address of court if different from above:

**Hearing Date**
→ Date: _____ Time: _____
Dept.: _____ Room: _____

_____
_____
_____
_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

David W. Slayton, Executive Officer / Clerk of Court

Date: 07/11/2023 _____

M. Webb

*Signature of (check one):*  ☐ *Judicial Officer*  ☑ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☑ I handed a copy of this Order to the party and attorney, if any, listed in ①  and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Los Angeles _____ , California, on the date below.

    ☐ A certificate of mailing is attached.

Date: 07/11/2023 _____

David W. Slayton, Executive Officer / Clerk of Court

Clerk, by M. Webb _____ , Deputy
Name: _____

**This is a Court Order.**

# EXHIBIT C

1  Michael A. Long, Esq. (SBN: 266555)
2  LONG & ASSOCIATES
3  1920 Hillhurst Avenue #1139
   Los Angeles, CA 90027
4  Tel.: (310) 625-3395
   Fax: (213) 915-3133
5  Email: mlong@aexius.com
6  *Attorney for Defendants,*
   *SCOTT DAY and DIGIMEDIA.COM, L.P.*
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10                      **STANLEY MOSK COURTHOUSE**

11

12  KORIE SCHMIDT,                    | CIVIL CASE NO.: **23STCV16148**

13                                    | *[Assigned for all purposes to:*
                        Plaintiff,    | *The Honorable Malcolm H. Mackey]*
14
     v.                               |
15                                    | **NOTICE OF REMOVAL OF ACTION TO**
    SCOTT DAY; and DIGIMEDIA.COM,     | **THE U.S. DISTRICT COURT FOR THE**
16  L.P.,                             | **CENTRAL DISTRICT OF CALIFORNIA**
                                      | **BY ALL DEFENDANTS; NOTICE TO**
17                      Defendants.   | **ADVERSE PARTIES AND COURT RE:**
18                                    | **SAME**
19
20                                    | Complaint Filed: July 11, 2023

21          TO PLAINTIFF KORIE SCHMIDT AND THE CLERK OF THE ABOVE-

22  ENTITLED COURT:

23          NOTICE IS GIVEN that on June 12, 2020, Defendants SCOTT DAY and

24  DIGIMEDIA.COM, L.P. ("Defendants"), by and through their undersigned counsel, filed a

25  Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

26  removing the above-captioned matter the United States District Court for the Central District

27  of California. Attached hereto as **Exhibit 1** is a copy of the Notice and Petition for Removal

28  that was filed in the United States District Court for the Central District of California.

                            **NOTICE OF REMOVAL OF ACTION**
              **TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

1    FURTHER NOTICE IS GIVEN that, pursuant to 28 U.S.C. § 1446, the filing of

2    said Notice and Petition for Removal in the United States District Court effectuates the

3    removal of this action. Accordingly, no further proceedings should take place in this Court

4    unless and until the case has been remanded.

5                                              Respectfully Submitted,

6    Dated: August 7, 2023                     LONG & ASSOCIATES

7

8                                              */s/ Michael A. Long*
                                                   Michael A. Long, Esq.
9                                              *Attorney for Defendants,*
                                               *SCOTT DAY and*
10                                             *DIGIMEDIA.COM, L.P.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

## **PROOF OF SERVICE**
CERTIFICATE OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
On **August 7, 2023**, I served the foregoing document described **NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA BY ALL DEFENDANTS; NOTICE TO ADVERSE PARTIES AND COURT RE: SAME** on the interested parties as follows:

### **SEE ATTACHED SERVICE LIST**

[X]     (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on the addressees listed above.

[X]     (VIA ELECTRONIC MAIL) I caused the foregoing described documents to be served via a third-party email service to the above addressees.

Executed on **August 7, 2023**, at Los Angeles, California.

*/s/ Chris Anderson*
Chris Anderson

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Via U.S. Mail and Email*

*Plaintiff, In Pro Per*

Korie Schmidt
1732 Aviation Blvd. #503
Redondo Beach, CA 90278
Tel.: (310) 600-2278
Email: korie_schmidt@csumb.edu

<u>**PROOF OF SERVICE**</u>

CERTIFICATE OF SERVICE

On **August 7, 2023**, I served the foregoing document described **NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S. CODE § 1441(a) BY DEFENDANTS SCOTT DAY AND DIGIMEDIA.COM, L.P.** on the interested parties as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on the addressees listed above.

[X]    (VIA ELECTRONIC MAIL) I caused the foregoing described documents to be served via a third-party email service to the above addressees.

Executed on **August 7, 2023**, at Los Angeles, California.

*/s/ Chris Anderson*
Chris Anderson

---

-4-
**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. § 1441(a) BY DEFENDANTS SCOTT DAY AND DIGIMEDIA.COM, L.P.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Via U.S. Mail and Email*                           *Plaintiff, In Pro Per*

Korie Schmidt

1732 Aviation Blvd. #503

Redondo Beach, CA 90278

Tel.: (310) 600-2278

Email: korie_schmidt@csumb.edu

**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION**
**PURSUANT TO 28 U.S.C. § 1441(a) BY DEFENDANTS SCOTT DAY AND DIGIMEDIA.COM, L.P.**