1 | Michael A. Long (SBN: 266555)
[mlong@aexius.com]
2 | LONG & ASSOCIATES
1920 Hillhurst Avenue #1139
3 | Los Angeles, CA 90027
Tel.: (310) 625-3395
4 | Fax: (213) 915-3133
*Attorney for Defendants,*
5 | *SCOTT DAY and DIGIMEDIA.COM, L.P.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| KORIE SCHMIDT, | CASE NO.: **2:23-cv-06433-MWF-RAO** |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FRCP 12(b)(2) AND 12(b)(5) FILED BY DEFENDANTS DIGIMEDIA, L.P. AND SCOTT DAY; DECLARATION OF MICHAEL A. LONG IN SUPPORT THEREOF** |
| v. | |
| SCOTT DAY; and DIGIMEDIA.COM, L.P., | |
| Defendants. | |
| | **Date: September 11, 2023**<br>**Time: 10:00 AM**<br>**Room: Courtroom 5A** |
| | *[Removed from Los Angeles County Superior Court Action No. 23STCV16148]* |
| | Complaint Filed: July 11, 2023 |

-1-
**MOTION TO DISMISS**

NOTICE IS GIVEN that Defendants SCOTT DAY and DIGIMEDIA.COM, L.P. that on September 11, 2023 at 10:00 a.m. in the United State District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, will and do hereby move this Court for an order dismissing the complaint filed by Plaintiff KORIE SCHMIDT under FRCP Rule 12(b)(2) and 12(b)(5).

This motion is made pursuant to L.R. 7-3 by email and phone call meet and confer attempts by Defendant via their counsel from August 8-11, 2023 to reach the Plaintiff who remained unresponsive, leaving the matter unresolved and therefore necessitating the present motion. (Long Decl., ¶¶ 3-4, **Exhibits A & B**) This motion is made without prejudice as to Defendants' rights under 12(b)(6).

The instant motion is based on the accompanying memorandum of points and authorities, the pleadings and filings of record, and the declaration of Michael A. Long filed herewith.

                                                Respectfully submitted,

                                                LONG & ASSOCIATES

<u>/s/ Michael A. Long</u>
   Michael A. Long, Esq.
*Attorney of Record for Defendants,*
SCOTT DAY and DIGIMEDIA.COM, L.P.

-2-
**MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO DISMISS
# FOR LACK OF PERSONAL JURISDICTION AND FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FRCP 12(b)(2) AND 12(b)(5) FILED BY DEFENDANTS DIGIMEDIA, L.P. AND SCOTT DAY

## I. INTRODUCTION

On or about July 11, 2023, Plaintiff KORIE SCHMIDT, acting *pro se*, filed an action styled as "Complaint for Inkunction *(sic)* and Damages and Mandamus of Writ" in the Los Angeles County Superior Court which, as best can be understood by Defendants, attempts to allege trademark claims arising under the Lanham Act in relation to the Defendants' alleged operation of the internet domain name bonzai.com. Defendants removed the action to this District pursuant to 28 U.S.C. §§ 1331 & 1338(b) (federal question and original federal jurisdiction over Lanham Act claims) and 28 U.S.C. § 1446 (procedure for removal).

Defendants now seek dismissal of this Action pursuant to FRCP Rule 12(b)(5) on the basis of defective service -- peculiarities in the manner in which the Plaintiff alleges to have effected service of this action.

Defendants now further seek dismissal pursuant to FRCP Rule 12(b)(2) on the basis of lack of personal jurisdiction. Simply put, the Complaint is premised on alleged violation of Plaintiff's rights by virtue of accessibility in this District of a website which is operated by Defendant's in Oklahoma using a domain name registered with a registrar in Canada. Far from alleging facts that would give rise to personal jurisdiction based upon activities directed into this District via an interactive website, the Complaint affirmatively pleads:

> This [action] falls within the jurisdiction of the court because the website is being pumped from the server at TuCows, through the internet to reach Los Angeles, Ca.

(Complaint at 2:17-18, ¶ "iv.")

> Plaintiff concedes that 'bonzai.com' is a bullshit website. It doesn't do anything except generate ad revenue - if that.

(Complaint at 3:18-19, ¶ 8, 2nd point)

While "bullshit" is a subjective assessment, the parties are in agreement that the website in question does not do anything other than to display advertisements. As discussed below, these allegations of the Complaint, without any further elaboration required, define a classic "passive" website with no interactive features which must fail under any formulation of various criteria adopted to exercise personal jurisdiction over foreign defendants premised on operation of website.

## II.  DEFECTIVE SERVICE

Dismissal is warranted under FRCP Rule 12(b)(5) for insufficient service of process. The Plaintiff's "proof of service by mail" purports to have been made by a "Daniela Schmidt" from Mesa, Arizona (outside of this District) with her signature; however the USPS postal origin zip code shows "91505" which corresponds to Burbank, California -- not Mesa, Arizona. Therefore it is at best unclear from where the materials were sent and by whom. Moreover, the handwriting of "Daniela Schmidt" and that of the Plaintiff readily appear to be remarkably homogenous, which the Defendants reasonably believe to indicate that only one person signed for both identities. Therefore, dismissal is warranted and appropriate under Rule 12(b)(5).

///

///

## III. PERSONAL JURISDICTION

### A. LEGAL STANDARD

When a defendant moves to dismiss a case for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to prove that the court may properly exercise personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 154 (9th Cir. 2006).

When personal jurisdiction is premised upon activities conducted by means of a website accessible via the internet, the Ninth Circuit has long distinguished between "passive" websites that merely make information available to visitors and "interactive" websites, where "users can exchange information with the host computer when the site is interactive." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).

It is well settled that "[m]ere passive operation of a website is insufficient to demonstrate express aiming." Will Co. v. Ka Yeung Lee, 47 F.4th 917 at 922 (9th Cir. 2022); *see Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218 at 1223 (9th Cir. 2011) ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed.").

Operation of an interactive website does not, by itself, establish express aiming. Otherwise, a website operator would be subjected to specific jurisdiction in every forum in which the website was visible. That result would be too broad to comport with due process. *See CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1075-76 (9th Cir. 2011) (" 'If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result.' (citation and internal quotation marks omitted).")

To establish purposeful availment in the forum, the website must be operated in conjunction with conduct expressly aimed at the forum state. *Mavrix*, 647 F.3d at 1229 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)). The interactivity of the website is one of several factors that can be relevant, as well was whether the operators of a website "can be said to have 'expressly aimed' at a forum where a website 'with national viewership and scope appeals to, and profits from, an audience in a particular state.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (quoting *Mavrix*, 647 F.3d at 1231).

When the website itself is the only jurisdictional contact, the jurisdictional analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum. *See, e.g., Mavrix*, 647 F.3d at 1222, 1229-31 (holding that the defendant expressly aimed the content of "celebrity-gossip.net" at California because the site had a specific focus on the California-centric entertainment industry); *AMA*, 970 F.3d at 1210 (concluding that the defendant's website "lack[ed] a forum-specific focus" because "the market for adult content is global"); *Will Co.*, 47 F.4th at 924-26 (ruling that the defendant's website hosting and legal compliance documents showed that the defendant intentionally "appealed to and profited from" a specific forum).

### B.   APPLICATION TO THE FACTS

The Complaint alleges Defendant Digimedia L.P. to have a "principal place of business... in the city of Edmond, in the County of Oklahoma, State of Oklahoma." The Complaint further alleges Defendant Scott Day to be an individual "connected with Digimedia.com". The Plaintiff further claims its agent "Daniela Schmidt" to have mailed the Complaint to Oklahoma to attempt to serve the Defendants. The

Complaint does not allege either Defendant to have any contacts with or to have engaged in the conduct of any activity whatsoever in this District.

Instead of alleging any factual basis for general jurisdiction over the alleged Oklahoma Defendants, Plaintiff's jurisdictional pleading is a classic statement of circumstances that are uniformly held up as lacking sufficient contacts to establish specific jurisdiction by mere accessibility of a website, to wit:

> This [action] falls within the jurisdiction of the court because the website is being pumped from the server at TuCows, through the internet to reach Los Angeles, Ca.

(Complaint at 2:17-18 ¶ "iv") The reference to "TuCows" at that point, and elsewhere in the Complaint appears to be a reference to an internet domain registrar Tucows.com, which is operated in Canada.[1] The Plaintiff also refers to the domain registrar variously as "Tucows" and "Tucows.com" in the Complaint at ¶8, ll, 9, 12.

The Complaint alleges that Plaintiff contacted TuCows via telephone using a (416) area code telephone number (Complaint, ¶ 5,8). The Court may take judicial notice that the (416) area code corresponds to Toronto, Canada.[2] The Complaint further alleges that Plaintiff attempted to contact Defendants via a (940) area code telephone number. (Complaint ¶8, l. 23).)

In any event, the Plaintiff alleges that the website to be "pumped from the server at TuCows through the internet to reach Los Angeles," which fairly suggests

---

[1] See, *Holley Performance Products, Inc. v. Tucows, Inc*., No. 1:10-CV-180, at *2 n.1 (W.D. Ky. Apr. 12, 2011) ("Tucows.com is a wholly-owned subsidiary of Tucows (Delaware) Inc., which is a wholly-owned subsidiary of Tucows, Inc. ... Tucows, Inc., is a Pennsylvania corporation with its principal office in Toronto, Canada.")

[2] See, *Eliman v. Law Office of Weltman*, No. 12-cv-01599-DMG (FMOx), 2013 WL 12119720, at *4 (C.D. Cal. Jan. 2, 2013) (taking judicial notice that the area code 310 includes the West Los Angeles area).

the Plaintiff understands and intends to convey that the origin from which the website is "pumped" to be located outside of this District.

Hence, insofar as the Defendants understand the Complaint, the Plaintiff alleges that the website accessible in California at <www.bonzai.com> is operated by the Defendants in Oklahoma and "pumped through the internet" from Tucows in Canada.

Concerning the level of interactivity of the website accessible at www.bonzai.com the Complaint states "Plaintiff found the Defendant's website obtaining advertising revenue" (Complaint ¶4), and admits:

> Plaintiff concedes that 'bonzai.com' is a bullshit website. It doesn't do anything except generate ad revenue - if that.

(Complaint at 3:18-19, ¶ 8, 2nd point) The Defendants enthusiastically agree with Plaintiff's observation the website at bonzai.com "doesn't do anything" other than to display advertising. Among the various formulas by which courts have assessed the "level of interactivity" of a website in any jurisdictional analysis of claims premised entirely on internet contacts, the website alleged to be operated by Defendants sits at the bottom of the scale as a prime example of a non-interactive website which the Plaintiff concisely and accurately alleges "doesn't do anything."

The Complaint alleges the Defendants located in Oklahoma operate a website which "doesn't do anything" other than to be "pumped from the server at TuCows," in Canada, "to reach Los Angeles, Ca."

Accordingly, the Complaint must be dismissed for lack of personal jurisdiction for not just merely failing to allege facts on which a finding of personal jurisdiction over the Defendants might be premised, but for affirmatively alleging foreign Defendants' operation of a passive website which "doesn't do anything", thus defining

the classic example of web-based activity in which the exercise of personal jurisdiction is inappropriate.

## IV.   CONCLUSION

Based on the foregoing, the motion to dismiss should be GRANTED for insufficient service of process and/or lack of personal jurisdiction.

Respectfully submitted,

LONG & ASSOCIATES

*/s/ Michael A. Long*
    Michael A. Long, Esq.
*Attorney for Defendants,*
*SCOTT DAY and DIGIMEDIA.COM, L.P.*

## **DECLARATION OF MICHAEL A. LONG**

I, Michael A. Long, declare:

1.  I am a licensed attorney in California and am the attorney of record for Defendants SCOTT DAY and DIGIMEDIA.COM, L.P. in the above-captioned matter styled as *Korie Schmidt v. Scott Day, et al.*, United States District Court Case No. 2:23-cv-06433-MWF-RAO which is the present removal action from the Los Angeles Superior Court, State of California, *Korie Schmidt v. Scott Day, et al.,* LACSC Case No. 23STCV16148 ("State Action"). The facts stated herein are within my personal knowledge. If called to testify I would and could testify competently there too.

2.  I make this declaration in support of Defendants SCOTT DAY and DIGIMEDIA.COM, L.P.'s motion to dismiss the complaint filed by Plaintiff, Korie Schmidt.

3.  On or about August 8, 2023, I reached out to the plaintiff to meet and confer regarding Defendants' contemplated motion to dismiss stating the grounds for the motion, but I did not receive any response from the Plaintiff. Attached hereto as **Exhibit A** is a true and correct copy of my August 8, 2023 email to Plaintiff Korie Schmidt.

4.  On or about August 11, 2023, I called Mr. Schmidt's phone number listed on his papers (310) 600-2278, to continue meet and confer and left a voicemail. I also discovered his business from his voicemail greeting and forwarded my August 8 email to his business email, but did not receive any response to my phone call with voicemail, or my further email. Attached hereto as **Exhibit B** is a true and correct copy of my August 11, 2023 email to Plaintiff.

I declare the foregoing to be true and correct subject to penalty of perjury under the laws of the United States. Executed on August 18, 2023 in Los Angeles, California.

*/s/ Michael A. Long*
Michael A. Long, Declarant

-11-
**MOTION TO DISMISS**

# EXHIBIT A



Christopher Anderson <christopher.lxa@gmail.com>

## RE: Schmidt v. Digimedia: Meet and Confer

**Christopher Anderson** <christopher.lxa@gmail.com>  Tue, Aug 8, 2023 at 2:40 PM
To: "korieschmidt1@gmail.com" <korieschmidt1@gmail.com>, korie_schmidt@csumb.edu
Cc: mlong@aexius.com, john@johnberryhill.com

Dear Mr. Schmidt:

On behalf of Mr. Long:

This is a meet and confer regarding my clients Digimedia.com, L.P. and Scott Day's contemplated motion to dismiss for lack of personal jurisdiction under FRCP Rule 12(b)(2). To explain the grounds for this contemplated motion, it is based on their mere presence on the Internet which does not offer sufficient basis to justify personal jurisdiction in California. I understand that your complaint's basis is that they are using the tucows.com hosted site and you accessed it in California but this alone does not mean they actively engage in California to subject them to jurisdiction in California.

For example, case law recognizes that "a general website listing and selling goods throughout the United States is not sufficient to establish 'purposeful direction.' *Cybersell*, 130 F.3d at 418 (mere advertisement or solicitation for sale of goods and services on a website, without 'something more,' does not give rise to specific jurisdiction in the plaintiff's forum); see also *Pebble Beach*, 453 F.3d at 1157 ('[W]hen a website advertiser does nothing other than register a domain name and post an essentially passive website and nothing else is done to encourage residents of the forum state, there is no personal jurisdiction.' (internal quotation marks and alterations omitted))." *Aether, LLC v. UNT Holdings, Ou*, 2:21-cv-00313-MEMF(Ex), at *14 (C.D. Cal. Oct. 31, 2022)

The Ninth Circuit in *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) confirmed the "something more" limitation on personal jurisdiction, quoted below:

> RIO alleged that RII operated a website that "allows customers throughout the United States and the world to place wagers on sporting events." RII responded that merely operating an Internet advertisement or a passive website cannot confer personal jurisdiction. While RII's assertion may be true, see Panavision, 141 F.3d at 1322; Cybersell, 130 F.3d at 418, operating even a passive website in conjunction with "something more" — conduct directly targeting the forum — is sufficient to confer personal jurisdiction. Panavision, 141 F.3d at 1322.
>
> Here, RIO sufficiently alleged that RII engaged in "something more" than the operation of a passive website. In its complaint, RIO alleged that RII "specifically targeted consumers" in Nevada "by running radio and print advertisements in Las Vegas." In particular, RIO alleged that RII advertised in the Football Betting Guide '98 Preview and the Daily Racing Form.

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)

A review of the bonzai.com website does not appear to have any purposeful direction to California and is thus not active enough to rise to the level of purposeful direction.

We further plan to dismiss for failure to state a claim.

The relevant statute, 15 USC 1125(d) requires the alleged trademark to have been distinctive at the time of registration of the domain name. Your complaint alleges that your business was started in 2008. As you can see from the WHOIS data for the domain name, it was registered in 1998. Hence, the domain name obviously pre-dates your alleged rights by nearly ten years. Under GoPets Ltd. v. Hise, 657 F. 3d 1024 (9th Cir., 2011), the critical date is that of the initial registration of the domain name:

"Because Edward Hise registered gopets.com in 1999, long before GoPets Ltd. registered its service mark, Digital Overture's re-registration and continued ownership of gopets.com does not violate § 1125(d)(1)."

In addition to the obvious 1998 registration date of the domain name, you can easily see the domain name was in use by Digimedia.com in this 2004 Internet Archive capture, which clearly identifies Digimedia.com L.P. as the site operator - more than four years prior to your claim to have started an auto detailing business:

https://web.archive.org/web/20040624010121/http://bonzai.com/

Trademark claims are not retroactive.  Your complaint does not allege possession of relevant rights at the time of registration of the domain name as required under the statute.  Furthermore, there are no facts on which your claim to have started a business in 2008 entitles you to a domain name which Digimedia.com L.P. has owned and operated for many years prior to the existence of your claimed business.  We understand from other filings that you are upset at having lost the domain name bonzaiautodetailing.com, but Digimedia.com L.P. has nothing to do with that domain name or your loss of control of it.

Also provided are copies of the federal removal action, and removal notice in state court, attached and in the following Google Drive folder:
https://drive.google.com/drive/folders/1ie7UWBs3hADG0Nz_dI4LjAK2XluwW7sd?usp=sharing

Please advise if you will stipulate to dismissal or oppose.
--
**Christopher Anderson,** Law Clerk
Long and Associates
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
C: (626) 715-9960
F: (213) 915-3133
E: chris.lxa@gmail.com

---

**2 attachments**


**2023-08-07 Civ Cover.pdf**
617K


**2023-08-07 Ntc-Removal w Exhs 1 (Filed in state).pdf**
8204K

# EXHIBIT B



Christopher Anderson <christopher.lxa@gmail.com>

## RE: Schmidt v. Digimedia: Meet and Confer

**Michael A. Long** <mlong@aexius.com>  Fri, Aug 11, 2023 at 2:58 PM
To: "korieschmidt1@gmail.com" <korieschmidt1@gmail.com>
Cc: Christopher Anderson <christopher.lxa@gmail.com>, john@johnberryhill.com, korie_schmidt@csumb.edu

Dear Mr. Schmidt:
In follow-up to my earlier meet and confer email below on August 8, I called your phone number (310) 600-2278 and left a message on your voicemail, which from the voicemail greeting appears to be a business line for SEO doctors.

Please call me directly to complete our meet and confer at (310) 625-3395.

Warm Regards,
Michael Long

[Quoted text hidden]

--
**Michael A. Long, Esq.**
Long and Associates
CA State Bar No. 266555
1920 Hillhurst Avenue, #1139
Los Angeles, CA 90027
C: (310) 625-3395
F: (213) 915-3133
E: mlong@aexius.com



Christopher Anderson <christopher.lxa@gmail.com>

## RE: Schmidt v. Digimedia: Meet and Confer

**Michael A. Long** <mlong@aexius.com>                                    Fri, Aug 11, 2023 at 10:23 PM
To: TheSEODoctors@gmail.com
Cc: Christopher Anderson <christopher.lxa@gmail.com>, john@johnberryhill.com, korie_schmidt@csumb.edu, "korieschmidt1@gmail.com" <korieschmidt1@gmail.com>

Forwarding to your other email.

[Quoted text hidden]

**PROOF OF SERVICE**
CERTIFICATE OF SERVICE

On **August 18, 2023**, I certify that on the date undersigned, I filed the foregoing document with the Court's CM/ECF system which provides notice of the same to the following:

Korie Schmidt
1732 Aviation Blvd. #503
Redondo Beach, CA 90278
Tel: (310) 600-2278
Email: korieschmidt1@gmail.com
*Plaintiff In Pro-Per*

Executed on **August 18, 2023**, at Los Angeles, California.

_/s/ Michael A. Long_
Michael A. Long